UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINDY R. RYAN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

Case No. 1:16-CV-469

HON. PAUL L. MALONEY

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's claim for supplemental security income (SSI) under Title XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act.

## STANDARD OF REVIEW

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v.*

*Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever evidence in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was thirty-eight years of age on the date of the ALJ's decision. (PageID.43, 167.) She completed high school and has worked in the past as a cashier / checker, sale attendant, and as a sorter. (PageID.122, 287.) Plaintiff has previously applied for benefits in 2007, 2010, and 2012, which all resulted in unfavorable decisions. Plaintiff sought review of the 2012 decision in federal court and, on March 31, 2015, Magistrate Judge Green affirmed the decision of the

Commissioner. *See Ryan v. Comm'r of Soc. Sec.*, No. 1:13-cv-1380 (W.D. Mich. Marc. 31, 2015) (ECF No. 13).

While her federal case was pending, Plaintiff also filed a new application for SSI on December 24, 2013, alleging that she had been disabled since August 13, 2012, due to bipolar disorder, depression, back pain, leg pain, migraines, shaking, and diabetes.[1] (PageID.167, 259–263.) This application was denied upon initial review on February 28, 2014, after which time Plaintiff requested a hearing before an ALJ. (PageID.183–189.) On February 24, 2015, Plaintiff appeared with her counsel before ALJ Stanley Chin for an administrative hearing at which time both Plaintiff and a vocational expert (VE) testified. (PageID.102–126.) On April 8, 2015, the ALJ issued his written decision, concluding that Plaintiff was not disabled. (PageID.43–65.) On March 21, 2016, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.39–38.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

**ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. § 416.920(a-f).[2] If the Commissioner can make a dispositive finding at any

---

[1] Administrative res judicata arising from the 2012 decision (PageID.139–161), barred any onset of disability date before August 13, 2012, the date of the prior decision. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1232 (6th Cir. 1993). Further, SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Comm'r of Soc. Sec.*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Soc. Sec. Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, January 2014 is Plaintiff's earliest possible entitlement to SSI benefits.

[2] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 416.920(b));

    2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 416.920(c));

3

point in the review, no further finding is required. *See* 20 C.F.R. § 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. § 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Chin determined Plaintiff's claim failed at step five. At step one the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 24, 2013, her application date. (PageID.48.) At step two, the ALJ found that Plaintiff suffered from the severe impairments of: (1) migraine headaches; (2) obesity; (3) cervical and lumbar spine disorders; (4) bipolar disorder; (5) schizoaffective disorder; (6) anxiety disorder; and (7) personality disorder. (PageID.49.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments found in 20 C.F.R. Pt. 404, Subpt.

---

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 416.20(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. § 416.920(f)).

P, App. 1. (PageID.49–52.) At step four, the ALJ determined Plaintiff retained the RFC based on all the impairments to perform:

> sedentary work as defined in 20 CFR 416.967(a): The claimant is limited to lifting up to twenty pounds occasionally and lifting up to ten pounds frequently. She is limited [to] standing and walking for up to two hours and sitting for up to six hours in an eight-hour workday with normal breaks. She is limited to no ladders, ropes, or scaffolds and no crouching or crawling. She is limited to occasional ramps or stairs and occasional balancing, stooping, and kneeling. She is to occasionally avoid the use of moving machinery and exposure to unprotected heights. She is further limited to simple, routine, and repetitive tasks performed in a work environment free of fast-paced production requirements involving only simple, work-related decisions and routine workplace changes. She is limited to occasional interaction with the public, coworkers, and supervisors.

(PageID.52.) Continuing with the fourth step, the ALJ determined that Plaintiff was unable to perform any of her past relevant work. (PageID.58.) At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy that Plaintiff could perform given her limitations. *See Richardson*, 735 F.2d at 964. The VE testified that Plaintiff could perform work in the following representative jobs: addresser (25,819 national positions), table worker (13,738 national positions) and surveillance system monitor (17,284 national positions). (PageID.122–124.) Based on this record, the ALJ found that Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (PageID.59.)

Accordingly, the ALJ concluded that Plaintiff was not disabled from December 24, 2013, through April 8, 2015, the date of decision. (PageID.60.)

**DISCUSSION**

On July 6, 2016, the Court entered a notice directing the filing of briefs in this matter. Among other things, the notice stated that Plaintiff's initial brief "must contain a Statement of Errors, setting forth in a separately numbered section, each specific error of fact or law upon which Plaintiiff seeks reversal or remand. Failure to identify an issue in the Statement of Errors constitutes a waiver of that issue." (PageID.962.) Plaintiff's initial brief provides only a vague and generic statement of errors. (PageID.970.) The Court must therefore frame the issues for review and gleans the following claims from Plaintiff's brief:

1. Substantial evidence supports the opinions of Dr. Devine, Dr. Sidiropoulos, and Dr. Santos.

2. The ALJ should have re-contacted those physicians for clarification of their opinions pursuant to SSR 96-5p.

The Court will discuss those issues below.[3]

**I.   Treating Physician Rule.**

Plaintiff's brief provides lengthy excerpts from a total of six different medical opinions from three different treating physicians. Dr. Nancy Devine, M.D., provided two opinions contained in a mental RFC questionnaire, one dated April 25, 2011, and the other dated April 27, 2012. (PageID.744–748, 775–779.) Dr. Devine's sole obligation regarding these questionnaires was

---

[3] The Court finds any other claims have been waived. Specifically, Plaintiff made brief arguments regarding the ALJ's credibility discussion, the ALJ's review of an opinion from Dr. James Tripp (an agency reviewer), and the ALJ's discussion of an opinion from Ms. Anna Ryan (Plaintiff's mother). Plaintiff's arguments here are cursory at best, and contain no reference to any relevant legal authority. "'Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'" *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)); *see United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996); accord *Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 475 (6th Cir. 2014) ("[P]laintiff develops no argument to support a remand, and thus the request is waived.").

to fill in a blank, circle an answer, check a box, or provide a short answer. Both opinions state Plaintiff was limited to an extent greater than as recognized by the ALJ. Specifically, the form discussed Plaintiff's capability to perform unskilled, semiskilled, and skilled work, as well as her ability to do particular types of jobs. In all these areas, the doctor found Plaintiff had substantial limitations. Furthermore, both opinions indicate that, were she to work, Plaintiff could be expected to be absent from work several times a month. (*Id.*) On September 2, 2011, Dr. Devine also completed a short checkbox opinion indicating that Plaintiff was unable to work. (PageID.780.) On April 10, 2014, and November 5, 2014, Dr. Andreas Sidiropoulos completed mental RFC questionnaires that were similar to those completed by Dr. Devine. Like Dr. Devine, Dr. Sidiropoulos also indicated Plaintiff's impairments led to restrictions greater than those accounted for in the ALJ's RFC determination. (PageID.708–713, 810–818.) Finally, on September 24, 2014, Dr. Ronel Santos completed a questionnaire entitled "Headaches Medical Source Statement." While this statement differed in substance from those completed by Dr. Devine and Dr. Sidiropoulos, it was similar in form in that the doctor's obligation was only to fill in a blank, circle an answer, check a box, or provide a short answer. Dr. Santos indicated that Plaintiff suffered from headaches of multiple types and of moderate intensity, seven days a week. Each headache lasted between twelve and twenty-four hours. He indicated Plaintiff would need to take unscheduled breaks, possibly five days a week, each for several hours. In total, Plaintiff would likely be off task for twenty-five percent or more of a workday, and would miss work more than four days a month. (PageID.823–826.) The ALJ provided the following discussion of these opinions.

> As for the opinion evidence, I first considered the medical assessments submitted by Andreas Sidiropoulos, M.D. Dr. Sidiropoulos completed a medical assessment in April 2014 and noted that the claimant's GAF score was 50. (Exhibit C21F). A

7

follow up assessment in November 2014 stated that the claimant is prone to panic attacks and anger outbursts, has social phobias, and does not get along with others or do well in big crowds. He concluded that the claimant has limitation in responding to work stress and criticism from coworkers and supervisors and that she would have trouble following directions, completing a normal workday without breaks and working at a consistent pace. He farther concluded she would be absent more than four days per month because of her impairments. (Exhibit Cl IF). I note that Dr. Sidiropoulos is an acceptable medical source for functional opinions and is the claimant's treating physician. However, his opinions are conclusory in nature as they are primarily represented by checked boxes on a standardized form. Dr. Sidiropoulos provided only minimal narrative justification for his assessments and included no citations to specific examination findings that would support his opinions.[2] In addition, although the doctor concludes the claimant has severe vocational restrictions, it is not clear that the doctor was familiar with the definition of 'disability' contained in the Social Security Act and regulations. Specifically, it is possible that the doctor was referring solely to an inability to perform the claimant's past work, which is consistent with the conclusions reached in this decision. Finally, his opinions are inconsistent with the overall record as a whole, which renders them less persuasive. Therefore, I have assigned his opinions minimal weight.

I then considered the mental residual functional capacity questionnaire opinions of Nancy Devine, M.D. from April 2011 and April 2012. Dr. Devine assessed the claimant with bipolar disorder and assessed her with a GAF score of 45 with a fair prognosis of improvement. (Exhibit C15F and Cl 7F). I note that Dr. Devine is an acceptable medical source for vocational functioning opinions. However, her opinions are also of limited value in that they are also in the form of a standardized form with no explanation of her conclusions with citations to specific examination findings. I additionally note that Dr. Devine's opinions pre-date ALJ Grit's prior decision and that they therefore provide no indication of the claimant's level of functioning for the unadjudicated period at issue in the present case. I therefore assigned Dr. Devine's opinions little weight.

I next considered the medical statement from Ronel Santos, M.D., from September 2014. Dr. Santos diagnosed the claimant with chronic migraines and indicated that they cause the claimant nausea, phonophobia, photophobia, exhaustion, and malaise. He concluded

that these headaches would occur five days per week and would preclude her from doing any work related activities during them and that she would take several hours to recover. He farther concluded that the claimant would be off- task up to twenty-five percent of the day and absent more than four days per month due to her migraines. (Exhibit C23F). I note that Dr. Santos is an acceptable medical source for opinions and one of the claimant's treating physicians. However, his assessment is also conclusory in nature and fails to explain the underlying basis for his conclusions regarding the impact of the claimant's migraines on her vocational functioning given the other evidence in the record and the claimant's hearing testimony indicating her migraines occur less frequently than he states in his opinion. Therefore, I have assigned his opinion minimal weight.

> [2] See, e.g., Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993) (terming form reports "weak evidence at best"); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (holding that the ALJ "permissibly rejected" three psychological evaluations "because they were check-off reports that did not contain any explanation of the bases of their conclusions"); O'Leary v. Schweiker, 710 F.2d 1334, 1341 (8th Cir. 1983) ("[W]hile these forms are admissible, they are entitled to little weight and do not constitute 'substantial evidence' on the record as a whole").

(PageID.56–57.) Plaintiff contends the ALJ's discussion of these opinions was in error.

By way of background the treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375–76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

9

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health & Human Servs.*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller*, 1991 WL 229979 at *2 (citing *Shavers,* 839 F.2d at 235 n.1); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286–87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376–77.

At this point it is important to recognize what Plaintiff is, and is not, alleging. Notably, even after the most indulgent reading, Plaintiff does not argue the ALJ failed to provide good reasons for assigning less than controlling weight to the opinions of these three physicians.[4]

---

[4] The Court notes that at least as regards Dr. Sidiropoulos's April 10, 2014 opinion, the ALJ may very well have failed to articulate good reasons that were supported by substantial evidence. But again, Plaintiff does not raise this error, and the Court will not review it.

In other words, Plaintiff does not claim the ALJ improperly rejected the opinions of the physicians. Instead, Plaintiff merely lists the doctors' various opinions, and then cherry picks record evidence (some of which are beyond the scope of this Court's review[5]) that she claims supports the opinions. Plaintiff's burden on appeal is much higher than citing evidence on which the ALJ could have found a greater level of restriction. She must show that the ALJ's factual finding is not supported by substantial evidence. "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *See Jones*, 336 F.3d at 477. As all Plaintiff has done is point to evidence from which the ALJ could have reached a different decision, her claim must fail. This is because Plaintiff's alleged errors essentially ask this Court to re-weigh the evidence with respect to the medical opinions without demonstrating, or even claiming, that the ALJ's treatment of these opinions is not supported by substantial evidence. In short, Plaintiff is asking this Court to perform a *de novo* review of the record. It is beyond the scope of this Court's review to perform such a review. *See Brainard*, 889 F.2d at 681.

2. **SSR 96-5p.**

Plaintiff closes her argument regarding the three physicians by contending that if the ALJ had questions regarding these physicians' opinions (as evidenced by the fact that they were not

---

[5] The Court notes that in stating record evidence supports these physicians' opinions, Plaintiff twice references medical records that were submitted to the Appeals Council, but were not before the ALJ. (PageID.983, 986.) This Court is precluded from considering that evidence. *In Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146 (6th Cir. 1996), the Sixth Circuit indicated that where the Appeals Council considers new evidence that was not before the ALJ, but nonetheless declines to review the ALJ's determination, the district court cannot consider such evidence when adjudicating the claimant's appeal of the ALJ's determination. *Id*. at 148; *see also Bass v. McMahon*, 499 F.3d 506, 512–13 (6th Cir. 2007). If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it to the ALJ, the Court can remand the case for further proceedings, during which this new evidence can be considered. *Cline*, 96 F.3d at 148. Plaintiff, however, has not asked for a sentence six remand, much less demonstrated that this evidence is new, material, and that good cause existed for not presenting it to the ALJ. Thus any request for a sentence six remand has also been waived.

assigned controlling weight) the ALJ had a duty, pursuant to SSR 96-5p, to recontact those physicians for clarification. In *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269 (6th Cir. 2010), the Sixth Circuit held that there were "two conditions that must both be met to trigger the duty to recontact: 'the evidence does not support a treating source's opinion . . . and the adjudicator cannot ascertain the basis of the opinion from the record.'" *Id.* at 273 (quoting SSR 96-5p, 1996 WL 374183, at *6 (July 2, 1996)). An unsupported opinion alone does not trigger the duty to re-contact. *Id.*

The duty is not triggered where, as here, the ALJ did not reject the physician's opinions because they were unclear; instead, he rejected the opinions because they were unsupported, conclusory, or concerned previously adjudicated periods. (PageID.56–57.) "'[A]n ALJ is required to re-contact a treating physician only when the information received is inadequate to reach a determination on claimant's disability status, not where, as here, the ALJ rejects the limitations recommended by that physician." *Ferguson*, 628 F.3d at 274 (quoting *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 156 n.3 (6th Cir. 2009)). Again, Plaintiff does not disagree or allege any error with regard to the reasons provided by the ALJ for assigning less than controlling weight to these opinions. Moreover, the former regulations which had "recogniz[ed] a duty to recontact in cases where the evidence from the treating physician [was] inadequate to determine disability and contain[ed] a conflict or ambiguity requiring clarification," *Id.* at 273 (citing 20 CFR. §§ 404.1512(e), 416.912(e)), were revised effective March 26, 2012, well before the ALJ's decision in this case. The revised regulations are found at 20 C.F.R. §§ 404.1520b(c)(1), 416.920b(c)(1) and clarify that the Commissioner has "discretion, not a duty, to re-contact a medical source."

*Jones v. Colvin*, No. 2:12–cv–3605, 2014 WL 1046003, at *11 (N.D. Ala. March 14, 2014).

Accordingly, the ALJ did not violate SSR 96-5p. This claim of error is denied.

## CONCLUSION

For the reasons set forth herein, the Commissioner's decision is supported by substantial evidence and therefore will be **AFFIRMED.**

A separate judgment shall issue.

Dated: May 2, 2017                       /s/ Paul L. Maloney
                                                                   PAUL L. MALONEY
                                                                   United States District Judge